1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| 9 Rong Zhang, et al., | No. CV-21-01079-PHX-SMB |
| 10      Plaintiffs, | **CASE MANAGEMENT ORDER** |
| 11 v. | |
| 12 Voice of Guo Media Incorporated, et al., | |
| 13      Defendants. | |
| 14 | |

15      The Court enters the following Case Management Order to govern the litigation in
16 this case:

17      1.    <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental</u>
18 <u>Pleadings</u>.  The deadline for joining parties, amending pleadings, and filing supplemental
19 pleadings is **60 days** from the date of this Order.

20      2.    <u>Discovery Limitations</u>.  Total Deposition time shall be limited to twenty
21 hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  Each
22 side may propound up to 25 interrogatories, including subparts, 25 requests for
23 production of documents, including subparts, and 25 requests for admissions, including
24 subparts.

25      3.    <u>Fact Discovery</u>.  The deadline for fact discovery, including discovery by
26 subpoena, shall be **June 30, 2023**.  To ensure compliance with this deadline, the
27 following rules shall apply:

28      a.    Written Discovery:  All interrogatories, requests for production of

document, and requests for admissions shall be served at least **45 days** before the discovery deadline.

b.      The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

4.      Expert Disclosures and Discovery.

a.      The parties shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **August 25, 2023**.

b.      Rebuttal expert disclosures, if any, shall be made no later than **November 24, 2023**.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

c.      Expert depositions shall be completed no later than **January 27, 2024**.

d.      Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B).  Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

e.      As stated in the Advisory Committee Notes to Rule 26 (1993

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."  *Id.* at 826.  Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required.  *Id.*  For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

       f.    Each side shall be limited to one retained or specifically employed expert witness per issue.

    5.   <u>Discovery Disputes</u>.

       a.    If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[2]

       b.    Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

       c.    Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

    6.   <u>Dispositive Motions</u>.

       a.    Dispositive motions shall be filed no later than **September 29, 2023**.

       b.    No party shall file more than one motion for summary judgment

---

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

c.     Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits. The parties should review *Hunton v. Am. Zurich Ins. Co*., No. CV-16-00539-PHX-DLR, 2018 WL 1182552, at \*5 (D. Ariz. Mar. 7, 2018), before briefing summary judgment motions.

d.     The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

e.     Copies of all dispositive motions and attachments must be delivered to chambers **within 48 hours** of filing.

7.     <u>Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **June 30, 2023**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

8.     <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

9.     <u>Briefing Requirements</u>.

a.     All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

b.     Citations in support of any assertion in the text shall be included in

the text, not in footnotes.

**Trial Setting Conference**

On **October 23, 2023 at 8:45 a.m.** (15 minutes allowed), the court will conduct a telephonic trial setting conference. Participants shall have their calendars available for the conference.  The parties will receive dial-in instructions for connecting to the teleconference via electronic mail prior to the hearing.

Dated this 7th day of September, 2022.

Honorable Susan M. Brnovich
United States District Judge