1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

9 | Rong Zhang, et al.,

10 |         Plaintiffs,

11 | v.

12 | Voice of Guo Media Incorporated, et al.,

13 |         Defendants.

14

No. CV-21-01079-PHX-SMB

**ORDER**

15    Pending before the Court is Defendants' GTV Media Group, Inc. and Saraca Media
16 Group, Inc.'s Motion to Stay (Doc. 68).  Plaintiffs have filed a response in opposition (Doc.
17 73) and Defendants filed a reply (Doc. 75).  The Court has considered the pleadings and
18 relevant case law and will grant the motion in part.

19 **I.    BACKGROUND**

20    This case alleges the fraudulent sale of securities related to the stock offering in
21 GTV.  Plaintiffs allege that Defendants GTV Medica Group, Inc. and Saraca Media Group,
22 Inc. ("Defendants") acted at the direction of Defendant Guo to solicit investors.  Defendant
23 Guo filed for bankruptcy and this case is stayed as to any claims against him.  Plaintiffs
24 have filed an adversary action in the bankruptcy case that is identical to the allegations in
25 this case.  Defendants are not named defendants in the adversary proceedings.  Defendants
26 request that this case be stayed pending the outcome of the adversary proceedings.

27 **II.    LEGAL STANDARD**

28    "[T]he power to stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). "When determining whether to issue a *Landis* stay, courts must weigh 'competing interests,' which include 'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and question of law which could be expected to result from a stay.'" *Canady v. Bridgecrest Acceptance Corp*., No. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *2 (D. Ariz. Sept. 3, 2020) (internal citations omitted).  "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III.    DISCUSSION

### A.  Is this an improper motion for reconsideration

Plaintiffs argue that this motion should not be considered because it is an improper motion for reconsideration of the Court's September 7, 2022 ruling in which the Court denied a request for stay.  Plaintiffs also argue that the motion is untimely because it was not filed within 14 days of the prior ruling.  *See* LRCiv. 7.2(g)(2).  Defendants disagree. The Court has reviewed the transcript from the September 7, 2022 hearing.  This Court denied a stay at that time based on the discussion at the scheduling conference.  There was no formal motion for a stay pending at that time, but the issue was raised in the Rule 26(f) Joint Case Management Report (Doc. 62).   During the hearing, Plaintiffs' counsel acknowledged that a motion for stay might be filed by saying they would respond if one was filed. (Doc. 74-1 at 7.) The Court finds that this motion is not an improper motion for reconsideration and that any decision on the request for a stay at the scheduling conference was without prejudice to the filing of a formal motion.

### B.  Stay Factors

Defendants argue  they will suffer hardship from having to defend in this case without the participation of Defendant Guo, as he was the key person in the stock offering and the claims in this action are inextricably linked to the claims against him.  As a result,

Defendants argue that having both actions proceed at the same time could result in inconsistent rulings and duplicative discovery.  Defendants cite to three cases supporting their argument[1] and the Court finds them to be persuasive.  Plaintiffs argue that those cases are not persuasive because they applied and "unusual circumstances" exception.  While those cases may have discussed the extending the automatic stay to non-debtors, the Courts ultimately granted a stay under the *Landis* factors including concerns of judicial economy.

Plaintiffs argue that they will be harmed because an indefinite stay will frustrate Plaintiffs' right to a just and speedy determination of their claims.  While that is true, any stay frustrates that right, and yet stays are granted and authorized under *Landis*.  Plaintiffs have not cited to any specific damage or hardship that may result.  Plaintiffs also argue the motion should be denied because the granting of an indefinite stay is generally disfavored. *See Winters v. Quicken Loans Inc.*, No. CV-20-00112-PHX-MTL, 2021 WL 948767, at *3 (D. Ariz. Mar. 12, 2021); *VaporStream, Inc. v. Snap Inc.*, No. 2:17-CV-00220-MLH (KSX), 2019 WL 6218950, at *2 (C.D. Cal. Nov. 21, 2019).  Plaintiffs also argue that the adversary proceedings have been stayed.  In reality, the exhibits provided by Plaintiffs show that at the time of filing of the response, a motion to stay the adversary proceedings was filed and briefing ordered.  If in fact the adversary proceedings are stayed, that may change the balance of equities and Plaintiffs may seek reconsideration of this order.

## IV.    CONCLUSION

Having weighed the competing interests, the Court concludes a stay is warranted.  However, an indefinite stay increases the harm to Plaintiffs.  Therefore,

///

///

///

///

///

---

[1] *Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No. 8:18-cv-2147-T-33SPF, 2018 WL 8369102 (M.D. Fla. Oct. 5, 2018); *Blundell v. Home Quality Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2017 WL 5889715 (N.D. Tex. Nov. 29, 2017); *Prairie Ventures, L.L.C. v. Liotta*, No. 1:16-CV-2966-MHC, 2018 WL 11351132 (N.D. Ga. Sept. 13, 2018).

**IT IS ORDERED** granting Defendants GTV Media Group, Inc. and Saraca Media Group, Inc.'s Motion to Stay (Doc. 68) but only for a period of 6 months.  The stay will end on **July 5, 2023** unless a further extension is granted by this Court or a stipulation is received and granted.

Dated this 3rd day of January, 2023.

Honorable Susan M. Brnovich
United States District Judge